IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No. 23-cv-00943-MDB

MARJORIE BELL, as parent and legal guardian of M.A., a minor,

Plaintiff,

v.

CITADEL MALL REALTY LLC; MASON ASSET MANAGEMENT, INC.; NAMDAR CAPITAL GROUP, LLC; and NAMDAR REALTY GROUP, LLC,

Defendants,

## AMENDED COMPLAINT AND JURY DEMAND

Plaintiff Marjorie Bell (hereinafter "Plaintiff"), acting within her capacity under Federal Rule of Civil Procedure 17(a)(1)(C) and (c)(1) as parent and legal guardian of M.A., a minor, states and alleges as follows:

## PARTIES

1.

Plaintiff Marjorie Bell, who acts on behalf of M.A. as legal guardian, is a citizen of Colorado and resident of Colorado Springs, Colorado. M.A. also resides in Colorado. M.A. is therefore a citizen of Colorado based on her residency and the residency of Plaintiff, her guardian.

2.

Defendant Citadel Mall Realty, LLC, is a limited liability company organized under the laws of the State of Colorado by Igal Namdar, a citizen of the State of New

York. Defendant Citadel Mall Realty, LLC is a single member limited liability company. Igal Namdar is the only member of Defendant Citadel Mall Realty, LLC. There is complete diversity of citizenship between Plaintiff Defendant Citadel Mall Realty, LLC.

3.

Defendant Mason Asset Management, Inc. is a foreign corporation organized and existing under the laws of the State of New York with its principal place of business in the State of New York. Mason Asset Management, Inc. owns, maintains, operates, and/or controls a commercial property known as The Citadel Mall, in Colorado Springs, Colorado.

4.

Defendant Namdar Capital Group, LLC is a foreign limited liability company organized and existing under the laws of the State of New York that owns, maintains, operates, and/or controls a commercial property known as The Citadel Mall, in Colorado Springs, Colorado. Defendant Namdar Capital Group, LLC is a single member limited liability company. Igal Namdar, a citizen of the State of New York, is the only member of Defendant Namdar Capital Group, LLC. There is complete diversity of citizenship between Plaintiff and Defendant Namdar Capital Group, LLC.

5.

Defendant Namdar Realty Group, LLC is a foreign limited liability company organized and existing under the laws of the State of New York that owns, maintains,

operates, and/or controls a commercial property known as The Citadel Mall, in Colorado Springs, Colorado. Defendant Namdar Realty Group, LLC is a single member limited liability company. Igal Namdar, a citizen of the State of New York, is the only member of Defendant Namdar Realty Group, LLC. There is complete diversity of citizenship between Plaintiff and Defendant Namdar Realty Group, LLC.

## **JURISDICTION AND VENUE**

6.

The United States District Court for the District of Colorado has jurisdiction over Plaintiff's claims against Defendants pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. For purposes of complete diversity, Plaintiff and M.A. are citizens of Colorado, and, for jurisdictional purposes, all Defendants are citizens of the State of New York. As to the amount in controversy, M.A. is permanently paralyzed and disfigured as described below and has suffered and will suffer damages in at least the tens of millions of dollars.

7.

Venue is proper pursuant to 28 U.S.C. § 1391(b)(2), as the events giving rise to this cause of action occurred within this judicial district—at and surrounding The Citadel Mall, located at 750 Citadel Drive E, Colorado Springs, Colorado 80909.

## GENERAL FACTUAL ALLEGATIONS

8.

The Citadel Mall is located at 750 Citadel Drive E, Colorado Springs, Colorado 80909 and is held open to the public as a shopping center.

9.

Defendant Citadel Mall Realty, LLC, Defendant Mason Asset Management, Inc., Defendant Namdar Capital Group, LLC, and Defendant Namdar Realty Group, LLC (collectively the "Defendants"), own, manage, operate, provide security for, and/or control The Citadel Mall.

10.

Between January 1, 2016, and May 21, 2022, there have been no less than six (6) shootings at The Citadel Mall resulting in injuries to patrons and invitees of The Citadel Mall.

11.

Defendants, through their owners, managers, employees, and/or agents were, prior to May 22, 2022, aware of the no less than six (6) shootings at The Citadel Mall between January 1, 2016, and May 21, 2022.

12.

Between January 1, 2016, and May 22, 2022, Defendants were owners, occupiers, security personnel, and/or managers of The Citadel Mall, who are responsible for keeping patrons of The Citadel Mall safe from the criminal acts of third parties.

4

13.

Between January 1, 2016, and May 22, 2022, Defendants failed to respond to the criminal activity at The Citadel Mall and failed to implement adequate security measures to prevent violent criminal acts at The Citadel Mall, including but not limited to assaults, shootings, fights, and other criminal acts yet to be discovered.

## **The Subject Incident**

14.

On May 22, 2022, then 12-year-old M.A. was an invitee of The Citadel Mall and was a lawfully present invitee at the Citadel Mall conducting purchases at the shops.

15.

At all times relevant, M.A. used reasonable care in her conduct, and in no way was able to predict or prevent the tragic events of May 22, 2022.

16.

On May 22, 2022, an altercation among third-party persons began at or near the food court of The Citadel Mall.

17.

The May 22, 2022, altercation was allowed to continue and escalate due to lack of security features at The Citadel Mall.

18.

The May 22, 2022, altercation among third-party persons continued in the parking lot of The Citadel Mall.

19.

The May 22, 2022, altercation erupted into gunfire between two groups, and M.A. was an innocent bystander caught in the crossfire and was shot in the chest.

20.

As a result of the May 22, 2022, shooting incident, M.A. was and remains paralyzed from the waist down, has lost partial use of her arm, has undergone multiple surgeries, and has suffered from numerous other gunshot-related physical conditions which will require a lifetime of care.

21.

As a result of the May 22, 2022, shooting incident, M.A. has endured overwhelming pain, suffering, loss of enjoyment of life, psychological trauma, and post-traumatic stress disorder, all of which will require a lifetime of care.

**FIRST CLAIM FOR RELIEF**

**(Negligence – All Defendants)**

22.

Plaintiff hereby incorporates Paragraphs 1 through 21 by reference as if fully set forth herein.

23.

Defendants, through their officers, directors, owners, agents, and/or employees owned, managed, operated, and/or controlled The Citadel Mall in Colorado Springs, Colorado.

24.

At all times relevant to Plaintiff's Complaint, Defendants were landowners as contemplated and defined by Colo. Rev. Stat. § 13-21-115.

25.

On May 22, 2022, M.A. was a patron of The Citadel Mall, conducting business therein. As such she was an invitee pursuant to Colo. Rev. Stat. § 13-21-115.

26.

As landowners, Defendants had a duty to exercise reasonable care to protect invitees against dangers known, or which should have been known, by Defendants, including but not limited to criminal acts of third parties.

27.

Defendants breached their duties to Plaintiff and M.A. by negligently failing to prevent the foreseeable criminal acts of third parties.

28.

Defendants breached their duties to Plaintiff and M.A. by negligently failing to implement policies and procedures for the detection, suppression, and/or prevention of criminal activity at The Citadel Mall.

29.

Defendants breached their duties to Plaintiff and M.A. by negligently failing to implement adequate policies and procedures for the detection, suppression, and/or prevention of criminal activity at The Citadel Mall.

30.

Defendants, through their agents and employees, knew or in the exercise of ordinary care should have known, that numerous violent criminal acts including, but not limited to, shootings had occurred at The Citadel Mall prior to May 22, 2022.

31.

Defendants, through their agents and employees knew, or in the exercise of reasonable care should have known, that no individual, including M.A., had it within their power to take the measures necessary to provide for their own security at The Citadel Mall.

32.

At all material times, the criminal attack of M.A. was reasonably foreseeable by Defendants, and Defendants were in a superior position to appreciate such dangers and take necessary steps to prevent harm to the invitees of The Citadel Mall.

33.

At the above-mentioned time and place, Defendants, by and through their agents and employees, breached their duty to exercise ordinary and diligent care for the safety and protection of their invitees, including M.A., through the following acts of omission or commission:

    A. Failing to provide adequate security for its invitees, including M.A.;

B. Failing to warn its invitees, including M.A., of the nature and character of The Citadel Mall and surrounding area when they knew, or in the exercise of reasonable care should have known, that numerous criminal incidents of a similar nature to the one herein (i.e. crimes against persons) had occurred at The Citadel Mall and/or in the surrounding area prior to the herein incident;

C. Failing to warn, protect, guard, and secure the safety of its invitees, including M.A., when Defendants knew or should have known that The Citadel Mall had a history of similar criminal acts being committed at the property and in the area, thereby creating a dangerous condition to those individuals on the property;

D. Failing to warn, protect, guard, and secure the safety of The Citadel Mall, when Defendants knew or should have known that the subject premises had a history of similar criminal acts being committed on its property and in the area, thereby creating a dangerous condition to those individuals on the property;

E. Failing to police, patrol, guard, deter, and otherwise provide adequate protection for its invitees, when Defendants knew or should have known of foreseeable criminal acts;

F. Failing to hire and/or retain any capable private security personnel and/or off duty police officers to patrol and/or monitor The Citadel Mall, thereby protecting its invitees including M.A.;

G. Failing to have a sufficient number of security guards in visible areas to deter crime, thereby protecting its invitees and tenants, including M.A.;

H. Failing to have an adequate number of security guards to protect its invitees, including M.A.;

I. Failing to hire and/or retain competent security guards to protect its invitees and tenants, including M.A.;

J. Failing to properly train security guards to be reasonably skillful, competent, and/or qualified to exercise appropriate and proper security measures so that they could protect its invitees, including M.A.;

K. Failing to have properly working surveillance cameras in such locations throughout the premises, to aid in deterring criminal acts including but not limited to the interiors and exteriors of buildings and parking lots;

L. Failing to have an adequate number of surveillance cameras on the premises and surrounding areas, to aid in deterring criminal acts including but not limited to the areas of the premises where the instant incident occurred;

M. Failing to position surveillance cameras in appropriate locations and surrounding areas where M.A. was attacked, were adequately visually monitored, and/or said cameras would act as a deterrent against criminal activity;

N.   Failing to have and/or maintain surveillance cameras in working condition such that every camera was able to monitor and record activity;

O.   Failing to implement adequate security policies, security measures, and security procedures necessary to protect M.A. and other invitees, tenants and licensees;

P.   Failing to take additional security measures after being put on notice that the security measures in force were inadequate;

Q.   Failing to adequately provide an overall security plan that would meet the known industry standards and customs for safety in the community;

R.   Preceding paragraphs A through Q, individually and/or as a whole, represent deviations from the existing standard of care with regard to security as recognized by businesses; and

S.   Additional acts of negligence not yet discovered.

34.

The negligence of Defendants proximately caused injury to M.A., and directly led to the criminal attack on M.A. in that:

A.   There was inadequate and/or nonexistent visible deterrence to prevent said criminal acts, including but not limited to assault and battery.

B. There was inadequate and/or nonexistent physical deterrence to prevent said criminal acts, including but not limited to assault and battery.

C. Criminals could carry out physical assaults and/or loiter at The Citadel Mall premises without fear of being caught, discovered, and/or prosecuted.

D. An atmosphere was created The Citadel Mall premises which facilitated the commission of crimes against persons, through its disregard for prior similar crimes, disregard of its premises being located in a high-crime area, and disregard for crimes that would have put an ordinary prudent person on notice.

## DAMAGES

35.

Plaintiff hereby incorporates Paragraphs 1 through 34 by reference as if fully set forth herein.

36.

M.A., as a result of the negligence of Defendants, which such acts or omissions were the proximate cause of the injuries sustained by M.A., has suffered general and special, incidental and consequential damages as the proximate result of the acts and omissions of the Defendants as detailed above, and such damages will be fully proven at the time of trial, including, but not limited to, damages for loss of enjoyment of life, both past and future; medical and medical related expenses, both past and future;

travel and travel-related expenses, past and future; emotional distress and future emotional distress; pharmaceutical expenses, past and future; and all other ordinary, incidental, and consequential damages as would be anticipated to arise under the circumstances.

37.

Plaintiff is entitled to recover for any wage loss and loss of future earnings sustained by M.A., in an amount to be proven at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays:

(1) That Plaintiff have a trial by jury;

(2) That the Court award Plaintiff judgment against Defendants in such sums as shall be determined to fully and fairly compensate Plaintiff for all general, special, incidental, and consequential damages incurred, or to be incurred, by M.A. as the direct and proximate result of the acts and omissions of Defendants;

(3) That the Court award Plaintiff all costs, disbursements, and reasonable attorneys' fees incurred;

(4) That the Court award Plaintiff the opportunity to amend or modify the provisions of this Complaint as necessary or appropriate after additional or further discovery is completed in this matter, including amendments seeking the imposition of punitive damages; and

(5) That the Court award such additional and further relief as it deems necessary and proper.

SUBMITTED May 8, 2023.

*/s/Benjamin D. Van Horn*

**SINTON SCOTT MINOCK & KEREW**

Adam Sinton
asinton@ssmklaw.com
Colo. Bar. No. 46911
Benjamin D. Van Horn
bvanhorn@ssmklaw.com
Colo. Bar No. 57043

1550 Market Street, Suite 400
Denver, Colorado 80202
(720) 738-9808

*Counsel for Plaintiff*

L. Chris Stewart
Nathaniel Hofman

**Stewart Miller Simmons**
55 Ivan Allen Jr. Blvd, Suite 700
Atlanta, Ga 30308

*Counsel for Plaintiff*
*(District of Colorado Admission Pending)*

Kelley Brooks Simoneaux
**The Spinal Cord Injury Law Firm, PLLC**
DC Bar No. 187844
1629 K Street, NW
Suite 300
Washington, DC 20006
Kelley@spinalcordinjurylawyers.com

*Counsel for Plaintiff*
*(District of Colorado Admission Pending)*

14