IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-00943-MDB

MARJORIE BELL, as parent and legal guardian of M.A., a minor,

    Plaintiff,

v.

CITADEL MALL REALTY LLC,
MASON ASSET MANAGEMENT, INC.,
NAMDAR CAPITAL GROUP, LLC, and
NAMDAR REALTY GROUP, LLC,

    Defendants.

---

**CITADEL MALL REALTY, LLC, MASON ASSET MANAGEMENT, INC., NAMDAR CAPITAL GROUP, LLC AND NAMDAR REALTY GROUP LLC'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT AND JURY DEMAND**

---

Defendants Citadel Mall Realty LLC, Mason Asset Management, Inc., Namdar Capital Group, LLC and Namdar Realty Group, LLC ("Defendants"), through the undersigned counsel, Hall & Evans, LLC, hereby respectfully submit this Answer to Plaintiff's Amended Complaint and Jury Demand and Defendants' Demand for Jury Trial, as follows:

**RESPONSE TO "PARTIES"**

1. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 1 of the Amended Complaint and therefore deny the same.

2. Defendants admit the allegations contained in Paragraph 2 of the Amended Complaint.

3. The allegations in the first sentence of paragraph 3 of the Amended Complaint are admitted. The allegations in the second sentence of Paragraph 3 of the Amended Complaint are denied.

4. Defendants deny the allegations contained in the first sentence of Paragraph 4 of the Amended Complaint. Defendants admit the remaining allegations in the paragraph.

5. Defendants admit the allegations contained in paragraph 5 of the Amended Complaint except Defendants deny that Namdar Realty Group, LLC owns a commercial property known as The Citadel Mall.

### RESPONSE TO "JURISDICTION AND VENUE"

6. Defendants admit that jurisdiction is proper under 28 U.S.C. § 1332. Defendants deny all remaining allegations in Paragraph 6 of the Amended Complaint.

7. In response to the allegations contained in Paragraph 7 of the Amended Complaint, Defendants admit that venue is proper under 28 U.S.C. § 1391(b)(2).

### RESPONSE TO "GENERAL FACTUAL ALLEGATIONS"

8. Defendants admit the allegation contained in Paragraph 8 of the Amended Complaint.

9. Defendants deny the allegations contained in paragraph 9 of the Amended Complaint.

10. Defendants deny the allegations contained in paragraph 10 of the Amended Complaint.

11. Defendants deny the allegations contained in paragraph 11 of the Amended Complaint.

12. Defendants deny the allegations contained in paragraph 12 of the Amended Complaint.

13. Defendants deny the allegations contained in Paragraph 13 of the Amended Complaint.

**RESPONSE TO "THE SUBJECT INCIDENT"**

14. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 14 of the Amended Complaint and therefore deny the same.

15. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 15 of the Amended Complaint and therefore deny the same.

16. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 16 of the Amended Complaint and therefore deny the same.

17. Defendants deny the allegations contained in Paragraph 17 of the Amended Complaint.

18. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 18 of the Amended Complaint and therefore deny the same.

19. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 19 of the Amended Complaint and therefore deny the same.

20. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 20 of the Amended Complaint and therefore deny the same.

21. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 21 of the Amended Complaint and therefore deny the same.

## RESPONSE TO "FIRST CLAIM FOR RELIEF
(Negligence – All Defendants)"

22. Defendants incorporate by reference their responses to all other paragraphs as if set fully herein, in response to paragraph 22 of the Amended Complaint.

23. Defendants deny the allegations in paragraph 23 of the Amended Complaint.

24. Defendants admit the allegations in paragraph 24 of the Amended Complaint.

25. Defendants are without sufficient knowledge or information to form a belief of the allegations contained in paragraph 25 of the Amended Complaint and therefore deny the same.

26. Defendants deny the allegations in paragraph 26 of the Amended Complaint. The allegations also constitute legal conclusions, to which no response should be required as the law speaks for itself.

27. Defendants deny the allegations and inferences contained in paragraph 27 of the Amended Complaint.

4

28. Defendants deny the allegations and inferences contained in paragraph 28 of the Amended Complaint.

29. Defendants deny the allegations and inferences contained in paragraph 29 of the Amended Complaint.

30. Defendants deny the allegations and inferences contained in paragraph 30 of the Amended Complaint.

31. Defendants deny the allegations and inferences contained in paragraph 31 of the Amended Complaint.

32. Defendants deny the allegations and inferences contained in paragraph 32 of the Amended Complaint.

33. Defendants deny the allegations and inferences contained in paragraph 33 of the Amended Complaint, including all subparts.

34. Defendants deny the allegations and inferences contained in Paragraph 34 of the Amended Complaint, including all subparts.

**RESPONSE TO "DAMAGES"**

35. In response to Paragraph 35 of the Amended Complaint, Defendants incorporate herein their answers as set forth above.

36. Defendants deny the allegations and inferences contained in Paragraph 36 of the Amended Complaint.

37. Defendants deny the allegations and inferences contained in Paragraph 37 of the Amended Complaint.

38. Defendants deny the requested the recovery requested in the "Prayer for Relief".

39. Any allegation in the Amended Complaint not answered by the foregoing is denied.

## **DEFENSES AND AFFIRMATIVE DEFENSES**

As separate and alternative affirmative defenses, Defendants state as follows:

1. Plaintiff's Amended Complaint fails in whole or in part to state a claim upon which relief may be granted against Defendants.

2. Plaintiffs are not entitled to any relief being sought or claimed under any of the legal theories asserted against Defendants.

3. Defendants owed no duty of care to "M.A., a minor" at the time of the alleged incident.

4. Defendants fulfilled all duties of care, if any, to "M.A., a minor".

5. The incident and damages alleged in the Amended Complaint were caused by the acts or omissions of third parties who are not parties to the subject litigation and over whom the Defendants had no control nor duty to control.

6. The acts or omissions of the third parties who caused the subject incident were intentional criminal acts.

7. The acts or omissions of the third parties who caused the subject incident were negligent or reckless.

8. The comparative or contributory negligence and other culpable conduct of the third parties who caused the incident alleged in the Amended Complaint reduces or eliminates any liability on the part of the Defendants.

9. The incident and damages alleged in the Amended Complaint was not foreseeable.

10. Plaintiff's damages, if any, are not to the nature and extent alleged.

11. Defendants may not be held liable based upon any vicarious or respondeat superior theory for any alleged violation of the Colorado Constitution.

12. Plaintiff's claims for damages are limited and/or subject to all applicable damages' limitations and other similar provisions of Colorado law including C.R.S. § 13-21-111.6, C.R.S. § 13-21-102.5 and C.R.S. § 13-21-203.

13. Defendants' conduct was, at all times, lawful, justified, and privileged.

14. Defendants acted in accordance with all common law, statutory and constitutional obligations and without any intent to cause Plaintiff harm. Defendants lacked the requisite intent that would establish any claim against them in this matter.

15. To the extent any action or inaction on the part of Defendants was in any way involved in any harm caused to Plaintiff, the action or inaction was privileged under Colorado law.

16. Plaintiffs' claims are barred or reduced by the comparative or contributory negligence of "M.A., a minor", pursuant to C.R.S. § 13-21-111 and/or assumption of risk pursuant to C.R.S. § 13-21-111.7.

17. Mason Asset Management, Inc. and Namdar Capital Group, LLC did not "own, maintain, operate, or control" The Citadel Mall, as alleged in the Amended Complaint, and there is no good faith basis for having set forth such allegations. Plaintiff has been given the opportunity to dismiss these two entities and has refused. These two entities should be dismissed as parties to the subject litigation.

18. Plaintiff's allegations against Mason Asset Management, Inc. and Namdar Capital Group, LLC, as well as her prayer for attorney's fees, are being presented for an improper purpose,

such as to harass, cause unnecessary delay and to needlessly increase the cost of litigation, and are not warranted by existing law, all in violation of Fed.R.Civ.P.11.

19. Plaintiff's allegations against Mason Asset Management, Inc. and Namdar Capital Group, LLC lack evidentiary support and are unlikely to have evidentiary support even after further investigation or discovery, in violation of Fed.R.Civ.P.11.

20. Defendants hereby incorporate by reference all applicable defenses and affirmative defenses raised by any other Defendant in this matter in any Answer or Motion.

21. Defendants specifically reserve the right to amend their Answer to include additional defenses and affirmative defenses and/or delete defenses and affirmative defenses which have become applicable or non-applicable upon completion of additional discovery.

WHEREFORE, having answered the allegations in the Plaintiff's First Amended Complaint and Jury Demand in full, Defendants move the Court for entry of an Order dismissing all elements of all claims against them in complete and total fashion, awarding them costs and attorney's fees, and ordering such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Fed.R.Civ.P. 38, Defendants hereby demand a trial by jury on all issues so triable.

Respectfully submitted this 6th day of June, 2023.

HALL & EVANS, LLC

*s/Robert A. Weiner*
Paul T. Yarbrough
Robert A. Weiner
1001 17th Street, Suite 300
Denver, CO  80202

Phone:  (303) 628-3300
Fax:  (303) 628-3368
yarbroughp@hallevans.com
weinerr@hallevans.com
*Counsel for Defendants*

9

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 6th day of June 2023, a true and correct copy of the foregoing Citadel Mall Realty LLC, Mason Asset Management, Inc., Namdar Capital Group, LLC and Namdar Realty Group, LLC's Answer to Plaintiff's Amended Complaint and Jury Demand and Defendants' Demand for Jury Trial was filed with the Court and served on all listed parties via CM/ECF.

                                                 *s/ Cindy Blanton*
                                                 Legal Assistant, Hall & Evans, LLC