IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:23-cv-00943-SKC-MDB

MARJORIE BELL, as parent and legal guardian of, a minor other M.A.

    Plaintiff,

v.

CITADEL MALL REALTY, LLC, *et al.*,

    Defendants.

## MINUTE ORDER

    The Court GRANTS Plaintiff's Motion for Leave to Amend Complaint to Name Additional Defendants (Dkt. 40).

    The purpose of Rule 15(a) is to facilitate a decision on the merits. *Bob Marshall All. v. Lujan*, 804 F. Supp. 1292, 1298 (D. Mont. 1992) (the court's exercise of discretion must "be guided by the underlying purpose of Rule 15 – to facilitate decision on the merits, rather than on the pleadings or technicalities."). Thus, motions to amend should be freely granted when justice requires. *See, e.g., Bellairs v. Coors Brewing Co.*, 907 F. Supp. 1448, 1459 (D. Colo. 1995). When considering the "needs of justice," the Court must take into account the interests of all parties, including whether the amendment is futile or will result in undue prejudice. *Las Vegas Ice & Cold Storage Co. v. Far W. Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990).

    The Court, however, is unpersuaded by Defendants' futility arguments (*see* Dkt. 41) because they recast the Rule 15(a)(2) analysis into a motion to dismiss argument, which is premature and inefficient. The Court also questions whether Defendant have standing to advance these particular arguments of futility on behalf of the proposed additional defendants.[1]

---

[1] The Court *absolutely* rejects Defendants' argument that Plaintiff has not complied with the Court's January 30, 2024 Order regarding the parties' conferral duties. *See* Dkt. 38. That Order focused on the fact that Plaintiff failed to inform the Court of the outcome of the parties' conferral efforts. *Id.* As the Motion now describes, the

Removing one step and allowing amendment now, to possibly be addressed in a Rule 12(b)(6) motion later, satisfies Fed. R. Civ. P. 1. *See White River Vill., LLP v. Fid. & Deposit Co. of Maryland,* No. 08-cv-00248-REB-MEH, 2013 WL 6168853, at *4 (D. Colo. Nov. 25, 2013). The Court further observes that Defendants' arguments regarding dismissal may be more fully presented and create a better record in the context of a motion to dismiss, if any, brought by the proposed additional defendants.[2] Accordingly, with a mind to the interests of judicial economy, this Court exercises its discretion in declining to engage in a detailed futility analysis on the motion to amend. *Cf. Fuller v. REGS, LLC,* No. 10-cv-01209-WJM-CBS, 2011 WL 1235688, at *3 (D. Colo. Mar. 31, 2011) (the court was "guided by pragmatism and efficiency" in exercising its discretion to grant motion to amend rather than apply futility analysis).

The Court ORDERS Plaintiff to file a clean copy of her proposed amended complaint (Dkt. 40-4) with the Court on or before May 8, 2024, and to serve it upon the newly-named Defendants. While the Court will leave it to Plaintiff to decide how best to serve the newly-named Defendants, since current Defendants' counsel appear to be familiar with the newly-named Defendants, Plaintiff might consider inquiring if current Defendants' counsel will accept service on behalf of the newly-named Defendants. *See* Fed. R. Civ. P. 1 ("These rules . . . should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.").

DATED: May 3, 2024

---

parties did in fact confer, and Defendants opposed the original motion to amend (Dkt. 37) and this Motion. Defendants' current position that Plaintiff somehow failed to comply with the January 30, 2024 Order is ill-considered and overly formulaic. Further, Defendants ignore, if not the letter, then at a minimum the spirit of this Court's Standing Order for Civil Cases (particularly, Section C.1), which is to require parties to meaningfully confer about potential motions. *See also* Fed. R. Civ. P. 1 (the parties shall seek "the just, speedy, and inexpensive determination" of this case).

[2] While the Court makes no comment on the potential defendants' likelihood of success, the Court notes the potential defendants would, at minimum, be entitled to file a reply brief in support of their arguments.