IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Maritza Dominguez Braswell**

Civil Action No. 23–cv–00943–SKC–MDB

MARJORIE BELL, as parent and legal guardian of M.A., a minor,

    Plaintiff,

v.

CITADEL MALL REALTY LLC,
MASON ASSET MANAGEMENT, INC.,
NAMDAR CAPITAL GROUP, LLC,
NAMDAR REALTY GROUP, LLC,
CITADEL CH LLC,
CITADEL NASSIM LLC, and
IGAL NAMDAR

    Defendants.

## ORDER

This matter is before the Court on Plaintiff's Omnibus Motion to Compel Discovery. (["Motion"], Doc. No. 120.) Defendants have filed a response in opposition to the Motion (["Response"], Doc. No. 122), to which Plaintiff replied (["Reply"], Doc. No. 124), and Defendants were granted leave and did file a sur-reply (Doc. No. 130.) After reviewing the Motion, briefing, and relevant law, the Court **ORDERS** that the Motion is **GRANTED in PART and DENIED in PART** as set forth herein.

### BACKGROUND

This case arises in connection with the May 22, 2022, shooting incident at the Citadel Mall in Colorado Springs. Plaintiff alleges that on that day, an altercation arose at or near the

food court. The altercation was allegedly allowed to continue and escalate due to a lack of adequate security. The altercation continued in the parking lot of the mall, erupted into gunfire between two groups, and 12-year old bystander, M.A., was caught in the crossfire, shot in the chest, and became paralyzed from the waist down.

The Court has held multiple conferences with the parties to address substantial disagreements that have arisen during discovery. Most recently, in an effort to bring the majority of written discovery disputes to a close, the Court granted Plaintiff leave to file an omnibus motion to compel, that would comprehensively address all outstanding disputes relating to Plaintiffs' written discovery to Defendants.

## LEGAL STANDARD

Rule 26(b)(1) of the Federal Rules of Civil Procedure permits discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. The party seeking production has the initial burden of showing relevance. *See Chung v. Lamb*, 2017 WL 10619941, at *3 (D. Colo. Oct. 24, 2017) (citing *Johnson v. Kraft Foods N. Am., Inc.*, 236 F.R.D. 535, 539 (D. Kan. 2006)). Relevance is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978); *see Rowan v. Sunflower Elec. Power Corp.*, 2016 WL 3745680, at *2 (D. Kan. July 13, 2016) (applying *Oppenheimer* after the 2015 amendment); *see also Kennicott v. Sandia Corp.*, 327 F.R.D. 454, 469 (D.N.M. 2018) (analyzing the 2015 amendment and concluding that it did not change discovery's scope but clarified it, and therefore *Oppenheimer* still applies); *Carbajal v. Warner*, 2013 WL 1129429, at *3 (D. Colo. Mar. 18, 2013).

On a motion to compel, the party seeking discovery bears the initial burden of establishing relevance, but when the moving party has established relevance, or the discovery appears relevant on its face, the party resisting discovery bears the burden of supporting its objections. *See generally JL v. Regis Univ.*, 2022 WL 1443059, at *2 (D. Colo. May 6, 2022); *see also Ehrlich v. Union Pac. R.R. Co.*, 302 F.R.D. 620, 624 (D. Kan. 2014) (holding the party resisting discovery bears the burden to show why a discovery request is improper); *Martin K. Eby Const. Co. v. OneBeacon Ins. Co.*, 2012 WL 1080801, at *3 (D. Kan. Mar. 29, 2012) ("Once this *low* burden of relevance is established, the legal burden regarding the defense of a motion to compel resides with the party opposing the discovery request."). This burden is not satisfied by merely asserting "conclusory or boilerplate objections that discovery requests are irrelevant, immaterial, unduly burdensome, or overly broad." *Sonnino v. Univ. of Kan. Hosp. Auth.*, 221 F.R.D. 661, 670 (D. Kan. 2004).

## ANALYSIS

Plaintiff has made numerous relevance arguments, and the Court has sufficient familiarity with this matter to recognize the relevance of Plaintiff's requests. Thus, from the Court's perspective, its decision on this Motion turns on proportionality. But Defendants' Response offers little in the way of proportionality arguments. Instead, Defendants rely heavily on Plaintiff's alleged failure to comply with this Court's informal discovery dispute procedures. (*See* Doc. No. 122.) That reliance is misplaced. The Court has implemented informal discovery dispute procedures to streamline the resolution of routine disagreements and conserve resources when straightforward communication among counsel, or with the Court, can resolve relatively simple issues. However, the disputes and disagreements in this case have not been simple. To the

3

contrary, they have been protracted and unusually contentious, and it appears due in large part to Defendants' resistance to discovery. (*See generally* Doc. No. 119 at 3-4.)

To be sure, not all responsibility rests with Defendants. Plaintiffs have contributed to the difficulty of this process with an at-times unreasonably expansive approach to discovery. (*Id.*) Still, the principal impediment to efficient resolution appears to be Defendants' conduct, particularly that of the Namdar Defendants. Under these circumstances, the informal dispute procedures have proven ineffective. Recognizing that reality, the Court set its informal procedures aside in favor of a motion to compel that would address all of Plaintiff's outstanding written discovery concerns. (*Id.* at 16-18.) Accordingly, Defendants' primary contention, that Plaintiff failed to adhere to the Court's informal procedures, does not offer a basis for denying Plaintiff the relief she seeks.

As to Defendants' additional arguments, many of them are conclusory, stating for example that certain requests are "overbroad" without providing support or further argument for that conclusion. (Doc. No. 122 at 15.) Still, the Court considers the breadth of Plaintiff's requests and the requirement that discovery be proportional. After carefully reviewing each of Plaintiff's requests, one-by-one, comparing them to the claims and defenses in this case, applying the relevant legal standards, and considering the parties' arguments in the briefs and during court conferences, the Court issues the following orders:

### Orders that apply to all Defendants

1. <u>Persons with knowledge</u>: **Defendants Namdar RG, Citadel MR, Mason AM, Citadel Nassim, Citadel CH, and Namdar Capital** are **each ORDERED** to identify by name, current or last known address, and telephone number of all persons who to their knowledge, information or belief possess any knowledge concerning the incident alleged in the Complaint. Defendants are **ORDERED** to

4

specify the subject matter(s) about which they know or believe that person to have knowledge, and the basis for their knowledge or belief.

2. Contributory negligence: **Defendants Namdar RG, Citadel MR, Mason AM, Citadel Nassim, Citadel CH, and Namdar Capital** are **each ORDERED** to provide the basis for their contention that Plaintiff and/or her minor daughter, M.A., committed an act or omission that caused or contributed to the subject incident or the harm M.A. suffered.

3. Third parties: **Defendants Namdar RG, Citadel MR, Mason AM, Citadel Nassim, Citadel CH, and Namdar Capital** are **each ORDERED** to identify by name, address, and telephone number of each and every third party they contend played any part in causing victim M.A.'s injuries and/or damages, and to state with specificity each act and/or omission by each third party they claim supports their contentions. **Further**, **Defendants Citadel CH, Citadel Nassim, and Namdar Capital** are **each ORDERED** to identify by name, address, and telephone the person(s) affiliated with the Colorado Springs Police Department they contend committed an act or omission that caused victim M.A.'s injuries and/or damages, and the specific acts and/or omissions by each person(s) identified.

4. Security services providers: **Defendants Namdar RG, Citadel MR, Mason AM, Citadel Nassim, Citadel CH, and Namdar Capital** are **ORDERED** to **combine efforts and provide one complete list** of all entities, employees, and/or independent contractors who provided security services of any kind, including armed or unarmed security services, video monitoring services, police or government liaison services, and/or loss prevention services, for the Citadel Mall in Colorado Springs from May 22, 2021, through May 22, 2023. For each person or entity listed, Defendants shall identify the person or entity's name, position held or service provided, date of hire and termination, current status, and if no longer providing services, provide last known phone number and residential address.

5. Security methods, list: **Defendants Namdar RG, Citadel MR, Mason AM, Citadel Nassim, Citadel CH, and Namdar Capital** are **ORDERED** to **combine efforts and provide one complete list** that describes with particularity all security services, security functions, security methods, and/or security equipment initiated, discontinued, altered, modified, or implemented at the Citadel Mall

between May 22, 2018, through May 22, 2023, and for each such service, function, method, or equipment state when such service was initiated and the date(s) of any modifications or discontinuations.

6. Security incident, list: **Defendants Namdar RG, Citadel MR, Mason AM, Citadel Nassim, Citadel CH, and Namdar Capital** are **ORDERED** to **combine efforts and provide one complete list** that identifies every incident of alleged or suspected criminal activity of any kind that occurred on the Citadel Mall property between May 22, 2018, through May 22, 2023. For each incident identified, state: the date of each such incident; the date each Defendant received notice of same; how each Defendant received notice of same; the nature of each such incident; the name of all victims involved in the incident; whether the incident was investigated by any law enforcement agency, and if so, the name of such agency. The list must include crimes reported by Citadel Mall employees and/or tenants.

7. Security incident, production: **Defendants Namdar RG, Citadel MR, Mason AM, Citadel Nassim, Citadel CH, and Namdar Capital** are **each ORDERED** to **PRODUCE** all documents and communications in their possession custody or control that concern any alleged or suspected criminal activity at The Citadel Mall from May 22, 2018, through May 20, 2023. This includes all written communications or documents exchanged with law enforcement entities concerning any alleged or suspected criminal activity of any nature or security issues pertaining to the Subject Property.

8. Security complaints/criticisms/requests, production: **Defendants Namdar RG, Citadel MR, Mason AM, Citadel Nassim, Citadel CH, and Namdar Capital** are **each ORDERED** to **PRODUCE** all documents or correspondence, including electronic communications, in their possession, custody, or control, that evidence, relate to, or set forth any complaint or criticism concerning criminal activity or security concerns at the Citadel Mall, or that convey a request for additional security the Citadel Mall. The date range shall be May 22, 2018, through May 22, 2022.

9. Operations, production: **Defendants Namdar RG, Citadel MR, Mason AM, Citadel Nassim, Citadel CH, and Namdar Capital** are **each ORDERED** to **PRODUCE** all contracts, agreements, and other documents in their possession, custody, or control that establish a contractual relationship between or among any Defendants in this litigation, or between Defendant(s) and any third party, and

6

which govern the operation of the Citadel Mall and/or the provision of security services at The Citadel Mall from May 22, 2021, through May 22, 2022.

10. <u>Investigative reports, production</u>: **Defendants Namdar RG, Citadel MR, Mason AM, Citadel Nassim, Citadel CH, and Namdar Capital** are **each ORDERED** to **PRODUCE** all investigative reports in their possession, custody, or control, prepared by any individual, government agency, security vendor, or firm regarding any alleged or suspected criminal activity at the Citadel Mall from May 22, 2018, through May 22, 2023. This includes but is not limited to any CPTED reports, law enforcement reports or memorandums, insurance assessments, security audit reports, reports from United States Military assessments, or any other source.

## Orders that apply to some, but not all Defendants

11. <u>Decision-makers</u>. **Defendants Namdar RG, Mason AM, Defendant Citadel Nassim** are **ORDERED** to **combine efforts and provide one complete list** of all individuals with decision-making responsibility or significant authority over the finances, operations, and management of the Citadel Mall from May 2018 through present. The complete list shall identify all job titles and describe the decision-making responsibility or authority. If the responsibility and/or authority has changed over time, the list shall so indicate when and how.

12. <u>Budget, production.</u> **Defendants Citadel Nassim, Citadel CH, Namdar RG, and Citadel MR** are **each ORDERED** to **PRODUCE** documents that reflect the annual operating budget for the Citadel Mall, as well as the portion of the budget dedicated to security services for the Citadel Mall, from May 22, 2018, through May 22, 2022.

13. <u>Policies, procedures, training, production.</u> **Defendants Namdar RG and Mason AM**, are **each ORDERED** to **PRODUCE** all policies, procedures, and/or training materials in effect May 22, 2021, through May 22, 2023, concerning safety, security, crime prevention, crime deterrence, community crime watch, courtesy officers, loss prevention, vandalism prevention, premises liability, employee safety, use of force, use of safety or security services, key control, alarm systems, CCTV operations, trespassers, suspicious persons, deescalation, patrol officers, and/or any other policies, procedures, and/or training materials related to the detection, deterrence, and response to criminal activity at the Citadel Mall.

14. <u>Ownership Interest, production.</u> **Defendants Mason AM and Citadel MR** are **ORDERED** to **PRODUCE** governance documents and articles of incorporation that reflect the ownership interests and/or corporate structure of each from May 22, 2021, through present. If governance documents and articles of incorporation do not reflect the ownership interests and/or corporate structure, Defendants shall produce alternative documents reflecting the same.

### Orders that apply to Defendant Namdar RG

15. Defendant Namdar RG is **ORDERED** to identify by name and state of incorporation all business entities owned by, managed by, or created at the direction of Defendant Namdar RG or its members/managers/owners, or in which Defendant Namdar RG holds any interest, in any way related to the ownership or operation of shopping malls and/or retail shopping centers in the United States.

16. Defendant Namdar RG is **ORDERED** to describe with particularity all licensure required to work as a security guard the Citadel Mall from May 22, 2018, through present, and if any requirement has changed Defendant Namdar RG is **ORDERED** to identify by year and month when such policy or requirement changed.

17. Defendant Namdar RG is **ORDERED** to **PRODUCE** profit and loss statements, monthly income reports, and tax returns, for the last five years.

18. Defendant Namdar RG is **ORDERED** to describe with particularity all rules, policies, procedures, guidelines, and training materials and/or coursework applicable to security guards for the Citadel Mall from May 22, 2021, through May 22, 2023.

### Orders that apply to Defendant Namdar Capital

19. Defendant Namdar Capital is **ORDERED** to identify all of its employees and/or independent contractors from May 22, 2021, through present, and for each such individual please state their name, position(s) held, date(s) such positions were held, their current employment/contract status with Defendant Namdar Capital, and if a former employee/contractor their last known phone number and residential address.

20. Defendant Namdar Capital is **ORDERED** to describe the financial debt

      instruments used to raise capital or secure financing for the purchase of the Citadel Mall, and to describe how profit or economic gain derived from the business activity at Citadel Mall flows through Namdar Realty Group, LLC, NAMCO Ltd., and/or any other entity to the holders of the financial debt instruments.

21. Defendant Namdar Capital is **ORDERED** to describe in detail the manner in which Citadel Mall has been capitalized from the time of purchase by Defendants or their related entities to the present, including but not be limited to, the following: (a) the identity of all persons or entities that have contributed capital to Citadel Mall; (b) the dates and amounts of all capital contributions; (c) whether such contributions were in the form of debt or equity, and the terms of any such instruments; and (d) any changes in the capitalization structure over time, including the reasons for such changes.

22. Defendant Namdar Capital is **ORDERED** to **PRODUCE** all written agreements between Defendant Namdar Capital and any other party to this litigation, which reflects the purchase, ownership, or financing of the Citadel Mall.

## Orders that apply to Defendant Mason AM

23. Defendant Mason AM is **ORDERED** to describe with particularity how Defendant Mason AM derives economic gain from operations or services at the Citadel Mall, including but not limited to the identity of the entity that compensates Defendant Mason AM, the identification of any written agreements for Defendant Mason AM for services at Citadel Mall, and to explain how any "commissions" are calculated.

All Defendants shall have until **February 27, 2026,** to supplement their discovery responses in a manner that complies with the requirements of this Order. No later than **March 3, 2026**, each Defendant[1] shall file an affidavit with the Court, executed under penalty of perjury, certifying compliance with this Order. The affidavit shall identify the numbered

---

[1] Corporate Defendants shall select a corporate representative who shall describe her or his corporate position and knowledge of the matters set forth in the affidavit.

paragraph above that corresponds to their obligations, and shall state, immediately following each paragraph reference, that production and/or supplementation responsive to that directive is complete. If Defendants' prior production or supplementation already satisfied the requirements of this Order, Defendants are not required to make an additional production or supplementation that is, in effect, duplicative. However, they must identify the prior production or supplementation that satisfies this Order. If any portion of this Court's Order has not been fully satisfied at the time, the affidavit shall provide a detailed explanation of the outstanding items, demonstrate good cause for failure to comply with this Order, and provide a specific date by which full compliance will be achieved.

SO ORDERED this 3rd day of February, 2026.

**BY THE COURT:**

_____
Maritza Dominguez Braswell
United States Magistrate Judge